UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TODD A. SHELTON, | ) | CASE NO.: 5:08CV3008 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| OHIO EDISON COMPANY, | ) | |
| | ) | |
| | ) | |
| | ) | (Resolves Doc. 7) |
| Defendant. | ) | |

This matter comes before the Court on Plaintiff's motion to remand this matter to the Summit County Court of Common Pleas. The Court has been advised, having reviewed the motion, response, pleadings, and applicable law. For the reasons stated herein, the motion to remand is DENIED.

**I. Facts**

Plaintiff, Todd Shelton, filed suit against Defendant, Ohio Edison Company, on November 8, 2007. On December 12, 2008, Shelton amended his complaint to add a cause of action. The amended complaint now contains three causes of action: 1) breach of contract, 2) promissory estoppel, and 3) breach of the collective bargaining agreement. The amended pleading added the third and final cause of action. Based upon this amendment, Ohio Edison removed the matter to this Court on December 26, 2008. On January 6, 2009, Shelton moved to remand this matter to state court. On January 20, 2009, Ohio Edison responded in opposition to the motion. The Court now addresses that motion.

## II. Legal Analysis

Shelton contends that his complaint is nothing more than a state law breach of contract action.  Ohio Edison responds that the matter is subject to removal based upon Shelton's allegations that a collective bargaining agreement was violated.  This Court agrees.

Section 301(a) of the Labor-Management Relations Act ("LMRA") provides that this court shall have plenary jurisdiction, without regard to citizenship or amount in controversy, over "[s]uits for violation of contracts between an employer and a labor organization representing employees." 29 U.S.C. § 185(a).

> The Supreme Court has recognized that the "unusually powerful pre-emptive force of § 301," *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 7, (2003) (internal quotation marks omitted), places it in the small category of statutes that "not only pre-emp[t] state law but also authoriz[e] removal of actions that sought relief only under state law." *Ibid*. (citing *Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists and Aerospace Workers*, 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968)).  Section 301's sphere of complete pre-emption extends to state law claims that are "substantially dependent on analysis of a collective bargaining agreement," but it does not reach claims that only "tangentially involve CBA provisions." *Fox v. Parker Hannifin Corp.*, 914 F.2d 795, 799-800 (6th Cir. 1990) (internal quotations omitted); *see DeCoe v. Gen. Motors Corp.*, 32 F.3d 212, 216 (6th Cir. 1994) ("[S]ection 301 preempts state law rules that substantially implicate the meaning of collective bargaining agreement terms."); *Livadas v. Bradshaw*, 512 U.S. 107, 124 (1994).
>
> Our court applies a two-step approach to deciding whether § 301 complete pre-emption applies to a state-law claim. *DeCoe*, 32 F.3d at 216.  First, we examine whether proof of the state law claim requires interpretation of collective bargaining agreement terms.  Second, we ascertain whether the right claimed by the plaintiff is created by the collective bargaining agreement or by state law.  If the right both arises from state law and does not require contract interpretation, then there is no preemption.  However, if neither or only one criterion is satisfied, § 301 preemption is warranted. *Ibid*.

*Alongi v. Ford Motor Co.*, 386 F.3d 716, 723-24 (6th Cir. 2004).

On its face, Shelton's complaint clearly alleges a violation of the collective bargaining agreement. Paragraph 20 of the complaint indicates that Shelton "was hired as a union employee, subject to a collective bargaining agreement (CBA) with a just cause termination provision that applies to all employees." Doc 1-3 at 3. Furthermore, paragraphs 21 and 22 read as follows:

> However, the Plaintiff was terminated while on 90 day probation and thus not eligible to participate in any CBA grievance adjustment procedure with union representation for his defense.
>
> In spite of this, the Plaintiff was not an at-will employee given even employees on probation as like non-probationary employees are covered by the CBA termination for just cause provision regardless of the date of termination, and Plaintiff was simultaneously subject to the terms of the tuition repayment agreement contract.

*Id.* at 4. Paragraph 30 of the amended complaint in turn reads: "The conduct of the Defendant amounts to breach of a just cause for termination provision in a CBA." *Id.* at 5.

Based upon the amended complaint's plain language, the Court will be required to interpret the terms of the CBA to resolve Shelton's final cause of action. The Court will be required to determine whether the language of the CBA justifies application of the "just cause" provision to Shelton's termination. Accordingly, the first prong of the complete preemption compels denial of the motion to remand.

Furthermore, there is no dispute that Shelton's claimed right, to be terminated only with just cause, arises solely from the CBA and not state law. As such, the second prong of complete preemption is also satisfied.

Shelton, however, urges that since he was ineligible to participate in a grievance process due to his probationary status then removal to this Court is inappropriate. The Court disagrees.

Shelton has offered no law in support of his argument. The two cases cited by Shelton, *Smith v. Evening News Ass'n*, 371 U.S. 195 (1962), and *U.A.W. v. Hoosier Cardinal Corp.*, 383 U.S. 66 (1966), do not stand for the proposition that Shelton has asserted. Neither case remotely addresses the preemption issue in terms of the presence or absence of a binding grievance procedure. Furthermore, the Court's research has not indicated any case law to support the argument that preemption is any manner affected by the absence of a binding grievance procedure. Accordingly, the Court finds no merit in Shelton's position.

### III. Conclusion

For the reasons stated herein, Shelton's motion to remand is DENIED.


Dated: March 4, 2009  /s/ Judge John R. Adams
JUDGE JOHN R. ADAMS
UNITED STATES DISTRICT COURT